UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| KIMBERLY GANN, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 1:06-cv-191 |
| v. | ) |
| | ) Judge Mattice |
| CHATTANOOGA-HAMILTON COUNTY HOSPITAL AUTHORITY d/b/a Erlanger Health System, HAMILTON COUNTY, TENNESSEE, and HERBERT JONES, | ) |
| *Defendants*. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Reconsider and Reinstate Herbert Jones as Defendant.

For the reasons explained below, the Court will **RESERVE** ruling on such motion and allow Plaintiff until June 4, 2007, to request the entry of Defendant Herbert Jones's default.

## I.   **BACKGROUND**

Plaintiff filed this action on August 4, 2006, in the Chancery Court of Hamilton County, Tennessee, against Defendants Chattanooga-Hamilton County Hospital Authority, Hamilton County Sheriff's Department, and Herbert Jones. [Court Doc. No. 1.] On September 6, 2006, Defendants jointly filed a Notice of Removal with this Court, indicating that they were properly served with notice of such action on August 7, 2006. [Court Doc. No. 1.] Defendants Hamilton County Sheriff's Department and Mr. Jones did not, however, timely file a response to Plaintiff's complaint. Accordingly, on January 26, 2007, the Court entered an order requiring Plaintiff to show cause on or before February 12, 2007, why her

complaint should not be dismissed as to the Hamilton County Sheriff's Department and Mr. Jones for failure to prosecute as a result of Plaintiff's failure to request an entry of default when such defendants failed to plead or otherwise respond to the complaint. [Court Doc. No. 4.]

On February 9, 2007, the parties requested that the Court enter an agreed order substituting Hamilton County, Tennessee, as a defendant in place of the Hamilton County Sheriff's Department. [Court Doc. No. 5.] Hamilton County then filed an answer to Plaintiff's complaint on February 13, 2007 [Court Doc. No. 8], and U.S. Magistrate Judge Susan K. Lee granted the parties' request to substitute on February 14, 2007 [Court Doc. No. 9].

In the meantime, on February 12, 2007, Plaintiff filed a Request for Entry of Default, in which Plaintiff requested that "the Clerk . . . enter a default against Defendant Hamilton County, Tennessee, on the basis that the record in this case demonstrates that there has been a failure to plead or otherwise defend as provided by Rule 55(a) . . . ." [Court Doc. No. 6.] Because Defendant Hamilton County filed an answer on February 13, the Clerk did not enter the default of Hamilton County. On February 14, 2007, because Plaintiff had not shown cause why her complaint should not be dismissed as to Mr. Jones, and Plaintiff had not requested the entry of Mr. Jones's default, the Court dismissed Mr. Jones as a defendant pursuant to Federal Rule of Civil Procedure 41(b). [Court Doc. No. 12.]

**II.    STANDARD**

Plaintiff's motion requests relief pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b), however, does not provide a basis for challenging the Court's previous order, as such rule deals only with "final" judgments, orders, and proceedings. Fed. R. Civ. P.

60(b). The Advisory Committee Notes describing the 1946 amendments to the rule clarify the meaning of the word "final" in Rule 60(b):

> The addition of the qualifying word "final" emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.

Fed. R. Civ. P. 60; *see also* 11 Charles Alan Wright, Arthur R. Miller, & May Kay Kane, *Federal Practice and Procedure* § 2852 (2d ed. 1995) ("Thus, the power of a court to modify an interlocutory judgment or order at any time prior to final judgment remains unchanged and is not limited by the provisions of Rule 60(b)."). The order from which Plaintiff seeks relief is not a final judgment, and final judgment has not yet been entered; as a result, Rule 60(b) is not applicable. The Court, however, will treat Plaintiff's motion as a request for the Court to reconsider its interlocutory order dismissing Mr. Jones as a defendant.

Pursuant to Federal Rule of Civil Procedure 54(b), an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." In other words, "[u]ntil a district court enters a judgment, it may alter or amend any of its orders." *Jaynes v. Austin*, 20 F. App'x 421, 425, 2001 WL 1176424, at *3 (6th Cir. Sept. 25, 2001).

### III. ANALYSIS

Plaintiff requests that the Court vacate its order dismissing Mr. Jones as a defendant on the basis that "Plaintiff should not be punished for the excusable confusion associated

with the docketing and electronic filing in this case." The confusion referenced by Plaintiff relates to two issues. First, the Court's web site directs a plaintiff requesting the entry of a defendant's default to file in CM/ECF a Request for Entry of Default and an Affidavit in support of such request and to email a proposed Entry of Default to the Clerk. Plaintiff asserts that she attempted to file the proposed Entry of Default in CM/ECF and attempted to email the proposed Entry of Default to the Clerk, but the filing and the email were, unbeknownst to Plaintiff, rejected and not received by the Court.

Second, Plaintiff asserts confusion associated with a document that was mistakenly docketed in this case by the Clerk and later disabled. Specifically, on February 15, 2007, the Clerk entered in this case a show cause order signed by Judge Collier that related to a different case. [Court Doc. No. 13.] Later in the day on February 15, the Clerk disabled the mistakenly-docketed order and made the following notation in the docket entry: "document docketed in wrong case, disabled." [Court Doc. No. 13.] Plaintiff claims that the mistaken docketing of this show cause order (which contained the caption of another case and was signed by another judge) and its subsequent correction, all on February 15, somehow prevented Plaintiff's counsel from seeing the order of dismissal related to Mr. Jones, which was entered on February 14.

Regardless of whether Plaintiff's confusion regarding these two issues is excusable, such confusion does not relate in any way to the Court's dismissal of Mr. Jones as a defendant and does not support the relief requested by Plaintiff. Plaintiff asserts in her motion that, in response to the Court's show cause order, "Plaintiff did as requested and electronically filed a Notice of Default, Affidavit in Support of Notice of Default, and Order against Defendants Hamilton County and Jones on February 12, 2007." Plaintiff's

assertion is false: the Request for Entry of Default filed by Plaintiff on February 12, 2007, plainly only requests the entry of Defendant Hamilton County's default and does not mention Mr. Jones. At best, Plaintiff's representation that she moved for the entry of Defendant Jones's default could be described as resulting from sloppiness and inattention to detail. At worst, such representation could be considered a deliberate attempt to misrepresent to the Court the record in this case. In any event, it is evident from the record that Plaintiff failed to show cause and failed to request the entry of Mr. Jones's default on or before February 12. It is for this reason, and this reason alone, that the Court dismissed Mr. Jones as a defendant on February 14, 2007.

With respect to the confusion asserted by Plaintiff related to the rejection of the proposed Entry of Default by CM/ECF and by email, the failure of Plaintiff to file the proposed Entry of Default had no effect on the decision to dismiss Mr. Jones as a defendant. Therefore, Plaintiff's confusion regarding the receipt of such document by the Court does not provide any reason to alter such decision.

With respect to the confusion asserted by Plaintiff related to the mistaken docketing of an order and its subsequent correction, Plaintiff's confusion stemming from such docketing likewise does not provide any reason to alter the Court's decision to dismiss Mr. Jones. On January 26, 2007, the Court set a deadline of February 12, 2007, for Plaintiff to show cause, as explained above. On February 14, 2007, when Plaintiff had failed to show cause and had failed to request the entry of Mr. Jones's default, the Court dismissed Mr. Jones as a defendant. The mistaken docketing occurred on February 15, 2007. As such, any confusion related to the mistaken docketing on February 15 is wholly unrelated to Plaintiff's failure to properly respond to the Court's show cause order on or before

February 12 and provides no basis for the vacation of the Court's order dismissing Mr. Jones as a defendant.

In addition, the Court expresses its considerable skepticism that any substantial confusion could have resulted from the mistaken docketing if Plaintiff's counsel had made any effort whatsoever to determine the status of Plaintiff's case. The wording of Plaintiff's motion strongly suggests that counsel received three Notices of Electronic Filing—one related to the filing of the order dismissing Mr. Jones, one related to the mistakenly-docketed show cause order, and one related to the docket entry correcting the mistakenly-docketed show cause order—and simply threw up their hands in confusion regarding what order, if any, had actually been properly entered in this case. Plaintiff's motion gives no indication that Plaintiff's counsel chose any one of several prudent courses of action available to them. For example, counsel could have logged into their PACER accounts and viewed the docket sheet in this case, which would have disclosed quite clearly that the mistakenly-docketed order was Court Document Number 13, that the link to the PDF of Court Document Number 13 had been disabled, and that Court Document Number 12, which is the order dismissing Defendant Jones, was still active. In lieu of checking the docket sheet—or in addition to such action if counsel remained confused—counsel could have called either the Clerk's office or chambers for an explanation regarding the mistakenly-docketed order and its correction and/or to ascertain the latest action taken in the case. Plaintiff's counsel, however, chose none of these courses of action; instead, they allowed their confusion to persist and waited one-and-a-half months before filing a motion to reconsider that contains inaccurate assertions.

In sum, Plaintiff failed to timely and properly respond to the Court's show cause order, and Plaintiff's instant motion sets forth no facts which would excuse such failure. Nevertheless, the Court is willing to allow Plaintiff one further attempt to properly request the entry of Defendant Jones's default.

## IV.    CONCLUSION

Accordingly, for the reasons explained above, the Court hereby **RESERVES** ruling on Plaintiff's Motion to Reconsider and Reinstate Herbert Jones as Defendant [Court Doc. No. 16].  On or before **Monday, June 4, 2007**, the Court will entertain a request for the entry of the default of Defendant Herbert Jones.

SO ORDERED this 17th day of May, 2007.

                                                  */s/Harry S. Mattice, Jr.*
                                                  HARRY S. MATTICE, JR.
                                                  UNITED STATES DISTRICT JUDGE